**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darrell James Hill, | No. cv-09-1958-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Promise Hospital of Phoenix., Jane Doe 1-3; Secretary et al of the Treasury for the Internal Revenue Service; Commissioner et al for the Social Security Administration, | |
| Defendant. | |

Before the Court is Plaintiff's Motion for Rule 60 Relief from Judgment due to the Court's *sua sponte* dismissal without prejudice of Plaintiff's claim against Defendant Promise Hospital of Phoenix, Inc. ("Defendant"). (Doc. #17). For the reasons identified below, the Court affirms its order to dismiss without prejudice because of Plaintiff's untimely service of process.

**I. Background**

Plaintiff applied to work for Defendant as a registered nurse in February 2009. (Doc. #1). Plaintiff alleges that he was not hired by Defendant due to Plaintiff's religious beliefs against working with a social security number. (Doc. #1; Doc. #20). Plaintiff further asserts that his "religious beliefs and conscientious objections to reverence to support of the mark, or number, of the 'mark of the beast' religious system includes, but is not limited to any forced possession of or use of a Ssa/n [social security number]." (Doc. #20). Last, Plaintiff alleges that Defendant has continued to hire similar or lesser qualified candidates for the

same work from which Plaintiff was "terminated."[1] (Doc. #16).

Plaintiff filed his complaint on September 18, 2009. (Doc. #1). The Clerk of the Court issued Summons as to the Commissioner of Social Security, Promise Hospital of Phoenix, Inc., and the Secretary of the Treasury.

On January 19, 2010, Plaintiff made a Motion for Extension of Time for Service. (Doc. #5). Two days later, the Court granted Plaintiff's motion. (Doc. #6). The Court instructed Plaintiff to complete service by February 8, 2010, per Plaintiff's request of twenty extra days. (Doc. #6). A copy of the Court's order was mailed to Plaintiff the day the order was filed.

On February 8, 2010, Plaintiff filed an amended complaint against Defendants. (Doc. #7). The Clerk of the Court issued another summons for the Amended Complaint. Also on February 8, Plaintiff served the Defendant Secretary of the Treasury for the Internal Revenue Service, Defendant Commissioner for the Social Security Administration, and the United States Attorney General by certified mail. (Doc. #10). The next day, Plaintiff moved for another extension of time for remaining postal delivery to Defendants.[2]

On February 16, 2010, the Court ordered that Plaintiff show cause why the case should not be dismissed for failing to serve Defendants within the time limits proscribed by Federal Rule of Civil Procedure 4(m) as extended by the Court. (Doc. #9 (citing Doc. #6)).

On February 17, 2010, Plaintiff served Promises Hospital in Florida by certified mail.[3]

---

[1] Although Plaintiff refers to being "terminated," the Court assumes that Plaintiff is actually asserting that he was not hired due to his religious convictions rather than being fired for his religious beliefs.

[2] On February 9, Plaintiff had served only Defendant Secretary of the Treasury for the Internal Revenue Service, Defendant Commissioner for the Social Security Administration, and the United States Attorney General. Plaintiff's evidence indicating service states "Acceptance, February 08, 2010, 5:05pm, PHOENIX, AZ 85013." (Doc. 16, p. 5).

[3] This method of service does comply with Fl. Rules of Civil Procedure Rule 1.070 for effectuating service. However, the Court need not reach the method of service, only the timeliness.

(Doc. #11).

The Show Cause Hearing occurred on March 1, 2010. (Doc. #13). After the Show Cause Hearing, the Court acknowledged that service upon both the U.S. Treasury and Social Security Administration was accomplished. (*Id.*). The Court dismissed without prejudice Plaintiff's claim against Defendant Promise Hospital for failure to serve in a timely fashion.[4] (*Id.*). Plaintiff's motion for reconsideration from this interlocutory order follows. (Doc. # 17; *see also* Doc. #21).

**II. Discussion**

**A. Rule 60 Motion**

Plaintiff's Motion for FRCP Rule 60 Relief of Judgment is in error because the Court has not issued a final judgment. Rather, the Court dismissed Defendant in an interlocutory order, not a final judgment. (Doc. #13). An interlocutory order can only be reconsidered. Rule 60 states that:

> On motion and just terms, the court may relieve a party or its legal representative from a *final judgment*, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the *judgment* is void;
> (5) the *judgment* has been satisfied, released, or discharged; it is based on an earlier *judgment* that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED.R.CIV.P. 60 (emphasis added). As indicated in the text, Rule 60 is only appropriate when there has been a final judgment or order. When composing Rule 60(b), the Advisory

---

[4]By dismissing the claim against this Defendant, the Court rendered Plaintiff's Motion for Extension moot. (Doc. #13).

Committee[5] noted:

> The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule [60], but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.

Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2852; *see Catlin v. U.S.*, 324 U.S. 229, 233 (1945) (holding that because the court's order did not end the litigation on the merits and leave nothing for the court to do but execute the judgment, the challenged order is not a final judgment or appealable interlocutory order).

Because interlocutory orders, like the Court's *sua sponte* dismissal are not final judgments for the purposes of Rule 60, Plaintiff cannot avail himself of FED.R.CIV.P. 60.

**B. Reconsideration**

Instead of relief from judgment, Plaintiff presumably moves the Court to reconsider a previous order.[6] This Court has adopted standards for when motions for reconsideration should be granted based upon common Ninth Circuit authority. According to this Court's precedent, one of the following four factors must be met in order for a motion for reconsideration to be granted:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
> (2) There are new material facts that happened after the Court's decision;
> (3) There has been a change in the law that was decided or enacted after the Court's decision; or
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.
> No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion.

*Motorola, Inc. v. J.B. Rogers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

---

[5] If a rule of civil procedure requires interpretation, a court may refer to the Advisory Committee Notes accompanying Federal Rules of Civil Procedure. Fed.Rules Civ.Proc.Rule 1 et seq., 28 U.S.C.A.

[6] The Court notes that Plaintiff is a pro se litigant. As such, the Court will address arguments Plaintiff could have made.

The underlying policy rationale for this test is that the Court will not consider motions for reconsideration based on arguments already presented to and rejected by the Court.

Plaintiff has not asserted, nor do there exist, material differences in fact or law from the time the Court ordered dismissal. Furthermore, Plaintiff reasserts many of the same arguments made at the Show Cause Hearing on March 1, 2010. (Doc. #17; Doc. #21; *see* Tr. p.10-11). As a result and because service was untimely as outlined below, the Court denies Plaintiff's Motion for Reconsideration and affirms its March 1, 2010 Order to dismiss Plaintiff's claim without prejudice.

**C. Timeliness**

Plaintiff asserts that his service upon Defendant was timely under FED.R.CIV.P. 4(m). However, Plaintiff did not abide by the strictures of Rule 4(m) for serving the complaint upon Defendant Promise Hospital, Inc. (*See* Doc. #11; *see also* Doc. #13). As such, the Court affirms its dismissal. Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

FED.R.CIV.P. 4(m).

Plaintiff asserts that he is in compliance with FRCP rules 4(b) and 4(m) because "the complaint was filed on February 8, 2010." (Doc. # 17, p. 8, line 8). Plaintiff is mistaken. Plaintiff filed his complaint on September 18, 2009. (Doc. #1). Plaintiff then filed his *amended* complaint on February 8, 2010. (Doc. #7) (emphasis added). Plaintiff then served Defendant Promise Hospital Inc. on February 17, 2010 as indicated on the certified mail postmark.[7] (Doc. #11, p. 2).

Presumably, Plaintiff argues that filing an amended complaint on February 8, 2010

---

[7] Plaintiff's evidence of certified mail stated "Acceptance, February 17, 2010, 3:29pm, MESA, AZ 85206."

restarted Rule 4(m)'s requirement of 120 days to serve defendants. However, Rule 4(m) clearly states that the *complaint*, not the amended complaint, must be served within 120 days. FED.R.CIV.P. 4(m). "[T]he 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint."[8] *Bolden v. Cty. of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) (citing Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137, at 377 (3d ed. 2002)). As this Court has already articulated at the Show Cause Hearing (Tr. p. 10, lines 15-25), Plaintiff failed to serve the *complaint* on Defendant within the requisite 120 days from September 18, 2009 and by the extended time frame of February 8, 2010 granted by the Court. Therefore, dismissal without prejudice is warranted for Plaintiff's claim against Defendant Promise Hospital of Phoenix, Inc.[9]

### D. Extension of Time for Cause

Although Plaintiff has not explicitly argued for an extension of time because of good cause, Plaintiff makes reference to his due process rights in his motion. (Doc. #17). In addition, Plaintiff noted in his original Motion for Extension of Time for Service that "[his] 42 U.S.C. § 1983 cause of action is a complex case for Plaintiff." (Doc. #5). But because Plaintiff has not stated good cause for why his service upon Defendant Promise Hospital of Phoenix, Inc. was untimely, the Court affirms its dismissal.

A district court must grant an extension where good cause is shown, it may also grant a discretionary extension absent such showing. *See Zapata v. City of N.Y.*, 502 F.3d 192,

---

[8] Plaintiff's Amended Complaint does not add any new defendants. (*Compare* Doc. #1 with Doc. #7).

[9] The Court notes that Plaintiff did effectuate the proper method of service to Defendant as per FRCP 4(h)(1)(A) and FRCP 4(e)(1). Because Defendant is incorporated in Florida, Plaintiff is permitted to serve the Defendant corporation following the state law of Florida as per FRCP 4(e)(1). Florida Rules of Civil Procedure 1.070(I) states, "(I) Service of Process by Mail. A defendant may accept service of process by mail." Fla.R.Civ.P. 1.070(I). Plaintiff served Defendant on February 17, 2010 by USPO CMN (certified mail) (Doc. #11). Defendant accepted service of process on February, 19, 2010. (Doc. #11). This *method* complies with Florida rules; however, service is still untimely.

196 (citing *Henderson v. U.S.*, 517 U.S. 654, 662-63 (1996)). Because the authority to grant an extension absent a showing of good cause is purely discretionary, the District Court is not required to grant an extension pursuant to *Henderson*. *See id.* at 197-99. On January 19, 2010, Plaintiff made a motion for extension of time for service. (Doc. #5). In his motion, Plaintiff requested twenty days. (Doc. #5, ¶ 6). The Court granted Plaintiff's exact request of twenty days. (Doc. #6).

Plaintiff has not shown good cause for why service of process could not have been served in a timely fashion by the extended deadline of February 8, 2010. Furthermore, the Court did not find the requisite excusable neglect to justify allowing more time during the Show Cause Hearing. (Tr. p. 9, line 7-8). The Court therefore affirms its denial of another extension of time. Plaintiff asserts that the Court's dismissal of Defendant prejudices Plaintiff's substantive rights. However, enforcing the Federal Rules of Civil Procedure does not violate Plaintiff's substantive rights. Nor is prejudice a basis for granting a motion for reconsideration.

### III. Conclusion

The Court affirms its Order of March 1, 2010 to dismiss Plaintiff's claim against Defendant Promise Hospital of Phoenix, Inc. because Plaintiff did not timely serve Promise Hospital.

Accordingly,

**IT IS ORDERED** denying Plaintiff's Motion for Rule 60 Relief. (Doc. #17).

DATED this 28th day of June, 2010.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge